IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REGINALD DEAN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-0698-B |
| | § | |
| JUDGE NIKKI DeSHAZO | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Reginald Dean, a former inmate in the Dallas County Jail,[1] against Dallas County Probate Judge Nikki DeShazo. On April 23, 2007, plaintiff tendered a 14-page handwritten pleading to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on July 10, 2007. The court now determines that this action should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

---

[1] Plaintiff was transferred to the Boyd Unit of the TDCJ-ID after this lawsuit was filed.

II.

Plaintiff is currently serving an eight year prison sentence for indecency with a child. In February 2007, plaintiff, who was incarcerated at the Walls Unit of the TDCJ-ID, was brought to Dallas County on a capias warrant to testify in a probate proceeding. Although the hearing lasted only a few hours, plaintiff remained in the Dallas County Jail for more than five months before he was returned to TDCJ-ID custody. During his incarceration in Dallas County, plaintiff alleges that he did not have access to an adequate law library which, in turn, prevented him from appealing the probate court's ruling and challenging his conviction on collateral review. Plaintiff further contends that he lost certain items of personal property while in the Dallas County Jail, including law books, tennis shoes, thermal underwear, and a pair of eyeglasses. By this suit, plaintiff seeks unspecified money damages, the return of his property, and an order tolling the statute of limitations on his federal writ of habeas corpus for 5-1/2 months.[2]

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (1)    is frivolous or malicious;

    (2)    fails to state a claim upon which relief can be granted; or

    (3)    seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-*

---

[2] The only relief sought by plaintiff in his original complaint was an order transferring him back to TDCJ-ID custody. Because plaintiff was transferred to a TDCJ-ID facility after this suit was filed, his claim for injunctive relief is now moot. *See Cooper v. Sheriff of Lubbock Co.*, 929 F.2d 1078, 1084 (5th Cir. 1991).

*El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

The court initially observes that plaintiff has failed to state a claim against Judge Nikki DeShazo, the only defendant named in his complaint. It is well-settled that judges are immune from claims for damages arising out of acts performed in the exercise of their judicial functions. *See Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978); *Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994). Because Judge DeShazo was acting within the scope of her authority in issuing a capias warrant to secure the plaintiff's appearance at a proceeding in her court, she is entitled to absolute judicial immunity.

Nor can plaintiff sue the judge for failing to effect his prompt return to the TDCJ-ID. A prisoner does not have a constitutional right to confinement in a particular place or at a particular institution. *See Olim v. Wakinekona*, 461 U.S. 238, 245-46, 103 S.Ct. 1741, 1745-56, 75 L.Ed.2d 813 (1983). Consequently, this claim is without an arguable basis in law.

C.

In his complaint and interrogatory answers, plaintiff appears to argue that the law library at the Dallas County Jail was inadequate. This claim must be analyzed under the more general right

of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 825, 97 S.Ct. 1491, 1496, 52 L.Ed.2d 72 (1977). Such a right "is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights." *Wolff v. McDonnell*, 418 U.S. 539, 579, 94 S.Ct. 2963, 2986, 41 L.Ed.2d 935 (1974). The right of access to the courts is also recognized as one aspect of the First Amendment right to petition the government for grievances. *See California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510, 92 S.Ct. 609, 611, 30 L.Ed. 2d 642 (1972); *Taylor v. Sterrett*, 532 F.2d 462, 470-72 (5th Cir. 1976). However, no court has ever extended this right beyond the ability to prepare and transmit necessary legal documents. *See Wolff*, 94 S.Ct. at 2984; *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 1081 (1994).

Plaintiff contends that the law library at the Dallas County Jail did not contain certain legal materials he needed to appeal the ruling of the probate court and to challenge his conviction on collateral review. (*See* Interrog. #2). In particular, plaintiff maintains that the law library did not contain "probate books," federal reporters, and a treatise entitled "Criminal Laws of Texas." (*See id.* #2 & 5; Compl. at 6). Not only does plaintiff fail to identify the "probate books" or reporters that were not available at the library, he wholly fails to explain how his appeals and post-conviction proceedings were prejudiced due to the lack of these materials. Without such allegations, plaintiff cannot show that he has been deprived of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350-51, 116 S.Ct. 2174, 2180, 135 L.Ed.2d 606 (1996) (requiring prisoner to prove that "shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim").[3]

---

[3] It is not clear whether plaintiff has filed a federal writ of habeas corpus challenging his underlying criminal conviction. If plaintiff believes that he has been prevented from filing a federal writ within the one-year period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), the

D.

Finally, plaintiff sues for the loss of his personal property. The intentional deprivation of property does not give rise to a civil rights claim unless the plaintiff can show that state remedies are inadequate. *Parratt v. Taylor*, 451 U.S. 527, 543-44, 101 S.Ct. 1908, 1917, 68 L.Ed.2d 420 (1981); *Brooks v. George Co.*, 84 F.3d 157, 165 (5th Cir.), *cert. denied*, 117 S.Ct. 359 (1996). Texas provides an adequate post-deprivation remedy by way of a common law cause of action for conversion. *See Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994). As a result, plaintiff cannot sue under 42 U.S.C. § 1983.

**RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 17, 2007.



JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

proper procedure would be for him to seek statutory or equitable tolling of the AEDPA statute of limitations in the federal habeas proceeding.